## WYKOFF, PICKENS & CO. *versus* TAYLOR.

1. The authority of justices of the peace to administer the oath required in affidavits for bail in civil cases, is not limited to cases within their jurisdiction, but extends to all cases where bail is authorised.

In error from Dallas Circuit court.

In this case, the plaintiff in error produced as evidence, an affidavit for bail, sworn to before a justice of the peace. The court below rejected the affidavit, on the ground, that justices had no authority to administer the oath required.

*Pickens,* for Plaintiff—*Gordon, contra.*

TAYLOR, J.—This action was brought by the plaintiffs in error against the defendant; and on the trial in the Circuit court, it was material for the plaintiffs to prove that an affidavit, requiring bail in a suit previously brought by the plaintiffs, against one W. James, was legally made. The introduction of the affidavit as evidence, was objected to on the ground, that it had been sworn to before a justice of the peace.

The first statute on the subject of bail in civil suits, was passed in 1807, and is to be found in *Toulmin's Digest,* page 28. After prescribing in what cases defendants shall be held to bail, of course; the act proceeds—" and in all actions of account, covenant broken, and actions founded on verbal contracts, and assumpsit in law, in which the plaintiff or other credible person can ascertain the sum or sums due, or damages sustained; and either of them make affidavit thereof, to the best of his or her knowledge and

belief, &c.; the defendant or defendants shall be held to bail for the sum or sums so indorsed by the clerk, or *attested by any justice of the peace*, taking such affidavit." " And in actions, sounding merely in damages, &c. the defendant shall not be held to bail, except by order of the court, &c. upon sufficient cause shown by affidavit."

In the first provision above cited, the authority of a justice to administer the affidavit, is expressly recognised ; in the last, nothing said on this subject. The manner of making the order is prescribed, and it is required to be upon affidavit ; but before whom the affidavit is to be made, nothing is said. The inference is, therefore, that it is to be made in the same way as is prescribed in the preceding clause, as both clauses are contained in one section, But if the provision had simply been, that affidavit should be made to the necessary facts, without prescribing before whom, the most correct construction would be, that it should be before any person authorised to administer an oath. The affidavit is to be made *exparte*— particular facts are to be comprised in it, and if that is done, all is done which can be required. The order requiring bail is a matter of course, and can not be refused. A person legally authorised to administer the oath, must swear the party. Justices of the peace are authorised to administer an oath by virtue of their offices, and if any act simply requires that an oath shall be taken on an affidavit, unless it is to be done in the progress of business before a tribunal competent to administer an oath, a justice of the peace is competent to discharge that duty, and is the proper officer to do so.

The next statute on the subject, was passed in

1818, and is to be found in the Digest, page 33. This act is in all respects, so far as this question is concerned, susceptible of the same, and no other construction, than the one which has been given to the last.

An act was passed in 1823, limiting the power of plaintiffs to require bail, by which it is provided,— "that in no case where any action may be commenced in any of the courts of record in this state, or before any justice of the peace, founded in any bill, bond, note or account, shall the defendant be held to bail, unless the plaintiff, &c. shall first make oath in writing, before some judge, justice of the peace, or the clerk who may issue the process, that the defendant is indebted, &c. : and the clerk of the court from which the writ issued, or the attorney for the plaintiff, or the justice of the peace who issued the summons, shall indorse on the summons, the sum so sworn to, &c. This act repeals all laws or parts of laws contravening its provisions.

It is insisted by the counsel for the defendant in error, that the correct construction of the act, confines the power of justices to administering the oaths prescribed in it, to cases in which warrants are sued out to recover debts, &c. within their jurisdiction ; and that if they had the power to take affidavits in cases to be prosecuted in courts of record, before the statute, it is now taken from them. But a little examination will prove that this position is not tenable. The object of the statute is to require a showing from the plaintiff, of good cause, before the defendant shall be held to bail. It prescribes what that good cause shall be, and leaves nothing to the discretion of the person before whom the affidavit is made. No good reason

therefore, can be perceived for considering it as intended to confine the power of administering the oath to a judge or clerk. The last clause can not be viewed as qualifying the preceding one in this respect. It is intended simply as a direction to the officer who is to execute the process, of the amount in which bail is to be required. That this can not be intended to restrain the power of taking the affidavit, to the person who is to make the indorsement on the process, is obvious, because the attorney for the plaintiff is authorised to make the indorsement, who certainly can not administer the oath. A clerk of a court, except under special authority, can not administer oaths. Suppose in this case no such special authority was given, could it be contended that every affidavit, made under the statute, must be taken before the judge of the court? This would hardly be insisted on. The unreasonableness and inconvenience of such a construction would be manifest.

It is the opinion of this court, that the court below erred in rejecting the affidavit; and that the judgment must be reversed, and the cause remanded.

SAFFOLD, J. not sitting.